AtkiNSON, J.,
delivered the opinion of the court:
This suit, which involves facts only, was brought under the following special act of Congress:
“ Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That *160 the claim of S. W. Peel, of Bentonville, Arkansas, for legal services rendered and expenditures had for the Choctaw Nation of Indians of the Indian Territory, in an action in said Court of Claims wherein Yvon Pike and Lillian Pike, and Yvon Pike as the administrator of the estate of Luther S. Pike, deceased, were plaintiffs, and said nation was defendant, be, and the same is hereby, referred to the Court of Claims with full jurisdiction, equitable and legal, to render judgment or decree therein as to the very right of the matter; and in case the said court finds any sum or amount due the claimant for his services and disbursements as aforesaid, it shall thereupon direct the same to be paid with interest from the funds of said nation now in the Treasury of the United States, and a transcript of such decree or judgment shall be authority for the Secretary of the Interior to make the payment therewith, and to make the proper charge against the funds of said nation; and sufficient of the funds of said nation shall be retained in the Treasury of the United States to meet any judgment or decree for pajnnent to said S. W. Peel that may finally be rendered. The suit herein provided for shall be entitled ‘ S. W. Peel versus The Choctaw Nation and the United States; ’ the petition and other proceedings therein shall be in accordance with the ordinary rules and requirements of said court, with the right of appeal to the Supreme Court by either party: Provided, That no suit shall be brought under the provisions of this act after six months from the date of the passage thereof: And frovided further, That such suit shall be advanced and promptly tried in any court where it may be pending.”
Approved, February 18, 1907.
The plaintiff was employed in the fall of 1893 by the authority of the general council of the Choctaw Nation as its general counsel for the term of four years at a salary of $2,000 per annum. The plaintiff avers, however, that his employment contemplated legal services to be rendered in the nation’s interests before the Congress at Washington and the departments only, and therefore did not embrace professional services for the nation in any controversies which might thereafter arise in the courts of the country. Nevertheless, the findings show that the council of the nation intended his employment to be general, and consequently payment for a greater sum than $2,000 per year was accordingly refused.
*161 Plaintiff, bases his cause of action mainly upon a letter addressed to him by Jeff Gardner, principal chief of the Choctaw Nation, which is in the following language:
“Executive Oeeice Choctaw NatioN, Jefe GakdNER, PeiNCIpal Chief.
“ Eagletown, IND. T., Dec. 16,1896.
“ Hon. S. W. Peel, Bentonville, Arh.
“Dear Sir AND Friend: Mr. Stanley has informed this office that there is a motion by the attorney of the Pike heirs, Mr. James Coleman, in the Court of Claims for an order to take testimony. You will please go to Washington, D. C., as early as you can and appear as attorney for the nation and ask for time until one can be employed by the nation for that purpose.
“Mr. Dyer will go to Washington, D. C., before long.
“ Yours, respectfully,
“Jeff Gardner, P. O. G. N.
“ S. G. Battiest,

“Private Secretary.”

Plaintiff, in response to the above letter, appeared at Washington before this court in the suit mentioned in said letter, filed an answer in the Pike case, and took the testimony of certain witnesses bearing upon the case, which testimony was duly filed. Upon this letter and the action of the senate of the Choctaw council set out in Finding VI he contends that, notwithstanding the fact he was then em-ploj^ed as the general counsel of the Choctaw Nation, an implied contract was created for additional compensation, and thereupon he brings this suit for $5,000 and attendant expenses upon quantum meruit for services rendered to the Choctaw .Nation.
Although it is not shown that Principal Chief Gardner possessed legal authority to contract for the nation, the court might infer that an implied contract was created by the Gardner letter and the action of the senate of the council referred to were it not for the fact, as shown in Finding VII, that plaintiff had previously appeared as counsel for the nation in a suit pending in the United States courts at McAlester, Ind. T., and at St. Paul, Minn., without special directions so to do, and for which he charged a fee *162 of $1,000 and expenses, and which fee the Choctaw Nation refused to pay, because it was claimed he was at that time regularly employed as its general counsel, and such service was, therefore, a part of the duties for which he had been employed. From this and other attendant facts we can not otherwise conclude than that the general council of the Choctaw Nation alone possessed the rightful authority to employ its attorneys; and, furthermore, that it, as such council, considered plaintiff’s employment as its general counsel was intended to embrace all legal matters in which the nation might thereafter be concerned during the period of his said employment.
From what we have said it must be held that the service rendered in the Pike case, for which compensation is sought, was embraced in plaintiff’s employment as general counsel for the Choctaw Nation, for which he has been paid; that there was no contract, express or implied, between the plaintiff and the Choctaw Nation or any officer authorized so to contract with said plaintiff for any other or additional compensation than that provided for his services as general counsel; nor can we hold that the claim is either a legal or equitable one entitling the claimant to compensation upon the basis of quantum meruit. For these reasons it is the opinion of the court that the petition be dismissed.